**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GERALD STOKLEY, | ) | CASE NO. 1:15-cv-2723 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | MEMORANDUM OPINION AND |
| COMMISSIOINER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' stipulation and petition for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. No. 18 ["Stip."].) Previously, plaintiff had filed a motion for attorney fees in the amount of Four Thousand Eight Hundred Fourteen Dollars and Twenty-five Cents ($4,814.25). (Doc. No. 17 ["Mot."].) After the motion was filed, the parties filed the stipulation now at issue, petitioning the Court to enter an award of attorney fees in the amount of Four Thousand Five Hundred One Dollars and Eighty-six Cents ($4,501.86). (Stip.) According to the stipulation, the parties' agreement regarding attorney fees represents a compromise of disputed positions which will fully satisfy all of plaintiff's fees, costs, and expenses under 28 U.S.C. § 2412. (*Id.*)

For the reasons that follow, the parties' stipulation and petition for an award of attorney fees to plaintiff is granted.

**A. Background**

Plaintiff filed this action on December 31, 2015, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for social security disability benefits and supplemental security income. (Doc. No. 1.) Subsequently, the parties filed a joint motion to reverse the Commissioner's decision and remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 14.) The motion was granted, and the Court ordered the case remanded for further proceedings. (Doc. Nos. 15 and 16.)

The parties agree in their stipulation that an attorney fee award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). (Stip.) The parties further agree that, to the extent that the attorney fee award payable to plaintiff is not subject to offset by pre-existing debts to the United States, defendant will direct that the award be made payable to plaintiff's counsel pursuant to the attorney fee assignment between plaintiff and his counsel. (*Id.*)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). **"Prevailing party"** status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S.

2

Ct. 2625, 125 L.Ed.2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision and succeeded in securing a sentence four remand for further consideration of his application. Accordingly, the Court finds that plaintiff is a prevailing party for the purposes of the EAJA.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014).

Plaintiff's counsel's EAJA time statement submitted with his fee application (Doc. No. 21-2) indicates that legal services were rendered in this case from December 2015 through August 2016, for a total of 26.20 hours.[1] The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[2] *See Crenshaw,* 2014 WL 4388154 at *3 (collecting cases).

---

[1] The number of hours claimed by plaintiff in plaintiff's fee application is not exorbitant. Having examined the statement, and considering plaintiff's successful outcome, the Court concludes that 26.20 hours is reasonable in this case.

[2] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

The average Midwest Urban CPI for this period[3] is 225.294. Dividing this number by 151.7, the CPI for March 1996 when the EAJA value of $125 was established,[4] the Court calculates the cost of living increase to be 1.49 (i.e. 225.294 ÷ 151.7 = 1.485). Multiplying $125 by that increase, the adjusted hourly rate is $186.25 (i.e. $125 x 1.49). The Court has also examined and considered the materials provided by plaintiff in support of fees. Those materials reflect that the prevailing hourly rate for attorneys in the Cleveland area for the kind and quality of service provided by plaintiff's attorney in this case exceeds $200 per hour, which further justifies an increase in the statutory rate by the Midwest Urban CPI.

The parties' stipulation and petition for attorney fees seeks an award of $4,501.86. This amount, divided by the number of hours for legal services rendered before this Court—26.20—results in an hourly rate calculation of $171.83. The Court concludes that the attorney hours claimed in plaintiff's fee application, and an hourly rate of $171.83, are both reasonable and supportable under the EAJA. Finally, it is the government's burden to show that its position was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). Defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust.

---

[3] December 2015 (222.722), January 2016 (223.301), February 2016 (223.196), March 2016 (224.621), April 2016 (225.609), May 2016 (226.476), June 2016 (227.835), July 2016 (226.786), August 2016 (227.097).

[4] *See Crenshaw*, 2014 WL 4388154 at *3.

Accordingly, the Court awards to plaintiff the stipulated attorney fee in the sum of $4,501.86.

As the parties recognize in their stipulation and petition, EAJA attorney fees are subject to offset to satisfy pre-existing federal debt owed by plaintiff. Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney.[5] *Crenshaw*, 2014 WL 4388154 at *5. The Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a pre-existing debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

**C. Conclusion**

For the reasons set forth herein, the parties' stipulation and petition for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $4,501.86 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: December 5, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] The parties' stipulation states that there is an assignment by plaintiff of attorney fees to counsel, and plaintiff attached a fee agreement assigning EAJA fees to his fee application. (Doc. No. 17-9.)